IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

| | |
|---|---|
| Brian Steele )<br>5205 6th St. )<br>Brooklyn Park, MD 21225 )<br>)<br>       *Plaintiff,* )<br>)<br>  v. )<br>)<br>TRINACRIA CAFE LLC )<br>111 WEST CENTRE STREET )<br>BALTIMORE MD 21201 )<br>)<br>and )<br>)<br>Vincent Fava )<br>406 North Paca Street )<br>Baltimore, MD 21201 )<br>)<br>)<br>and )<br>)<br>Diane Fava )<br>406 North Paca Street )<br>Baltimore, MD 21201 )<br>)<br>     *Defendant(s).* )<br>) | Civil Action No. _____<br>Judge _____ |

**COMPLAINT**

Plaintiff Brian Steele (hereinafter "Plaintiff" or Employee"), by and through

undersigned counsel, for Plaintiff's Complaint against Trinacria Cafe, LLC and, it's

owner(s) and operator(s), Vincent Fava and Diane Fava (hereinafter, "Defendant(s) or

Employer(s)"), jointly and severally, seeking damages, hereby alleges violations of both

Federal and State wage laws.

## NATURE OF THE CASE

1.      This action is an action for damages, seeking legal remedy for the Defendants' failures to pay wages.

## PARTIES, JURISDICTION AND VENUE

2.      Jurisdiction is proper in the Court as the Plaintiff brings a Federal cause of action, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* This Court may exercise personal jurisdiction over the Defendants, who have availed themselves of the jurisdiction of this Court through acts and omissions, maintain business and professional licenses in the State, regularly and systematically conducts business in the State and/or its maintains place(s) of business in the State of Maryland.  Venue is proper in this forum pursuant to 28 U.S.C. § 1391(b), as one or more of the Defendants resides in this judicial district and/or a substantial part of the acts or omissions giving rise to the claims herein occurred in the same.

3.      Plaintiff Brian Steele is a resident of the State of Maryland in Anne Arundel County.

4.      TRINACRIA CAFE LLC ("Defendant or Employer"), is a corporation engaged in commerce in the State of Maryland.  Its corporate office is 111 WEST CENTRE St., Baltimore, Maryland, and its registered agent is Resident Agent: DIANE FAVA, 406 North Paca St., Baltimore MD 21201

5.      Defendants Vincent and Diana Fava owned and/or operated Defendant Trinacria Cafe, LLC during the period in question.  They directed hiring, firing and other employment decisions for Defendant.  They directed Plaintiff in his work, dictated how

much and how he would be paid, made the payments to Plaintiff and controlled the

company accounts.

6.      Employee's primary work duties did not qualify Employee for any

exemptions under the FLSA.

7.      At all relevant times, Employer was an employer under the FLSA, the

MWHL, and the Maryland Wage Payment and Collection Law, Maryland Labor and

Employment, §§ 3-501 *et seq*. (MWPCL), and was an employer under the FLSA and the

MWHL.

8.      At all relevant times, Employer is an "enterprise" within the meaning of

the FLSA.  At all times material herein, Defendants employed at least one or more

employees who are engaged in commerce, and who produce goods for commerce, or

handle, sell, or otherwise work in goods or materials that have moved in or were

produced for commerce as a single enterprise under the FLSA.  For instance, there are

employees of Employer who negotiate, market and provide goods and/or services to

local, out of state and international customers for monetary compensation thus operating

and engaging in interstate commerce.  Defendants participate in, market at, advertise at

and/or conduct sales through the internet, which is a global communication and sales

medium.  There are employees who regularly use wire and electronic means of

communicating interstate and processing transactions interstate and/or internationally.

There are employees who use websites, signage, computers, telephones, equipment and

other tools or items that have moved in interstate commerce.  Accordingly, subject matter

jurisdiction exists because Plaintiff and others similarly situated, are employed by

Employer, a covered entity, satisfying the enterprise coverage provisions of the FLSA.

9.      At all relevant times, Plaintiff was engaged as an employee in commerce or the production of goods for commerce under 29 U.S.C. §§ 206-207.

10.     At all relevant times, Employee was a non-exempt employee of Employer under the FLSA and the Maryland Wage and Hour Law ("MWHL"), Maryland Labor and Employment Article §§ 3-401, *et seq.*

## GENERAL ALLEGATIONS

11.     Employee was employed by Employer from on or about October 1, 2017, until on or about October 19, 2018.

12.     During his period of employment, Plaintiff was paid a "salary" of $300 per week, but was docked "salary" for missed days.

13.     Plaintiff was required to work forty (40) or more hours per week for Defendant(s).

14.     For example, on Monday to Thursday Plaintiff worked 12 noon to 11 pm. Plaintiff worked Fridays from 4pm until Midnight.  Plaintiff also worked once a month on either Saturday or Sunday from 10 am to 10 pm.  Therefore, Plaintiff worked 64 or more hours a week for a total of $464 per week in wages and an additional $87 in overtime wages per week for a total of $251 in unpaid wages per week at the minimum hourly federal hourly rate.

15.     Therefore, Employee seeks payment of his wages in the amount of $15,756 or in an amount to be determined at trial, double or triple liquidated damages for non-payment as allowed by Federal or State law, plus attorney's fees, and costs.

## COUNT I (<u>Violation of Fair Labor Standards Act</u>)

16.     Each of the preceding and following allegations are incorporated by reference as though set forth separately herein.

17.     Defendant Employer was aware of Employee's hours and duties, or reasonably should have been aware of them, and required him to work hours in excess of 40 per week.

18.     Employee was not paid for hours worked by Employee.

19.     Employee was not paid overtime by Employer for the hours he worked in excess of 40 per week.

20.     Employer has failed to keep accurate and timely records of Employee's employment.

21.     Defendant Employer's failure to pay overtime to Employee was a willful and intentional violation of the FLSA, and was not in good faith.

**22.**     WHEREFORE, Employee demands judgment against Defendants, in the amount of $15,756 or in an amount to be determined at trial, but not less than the Federal Minimum Wage, plus liquidated damages and penalties under the FLSA, plus disgorgement of all illegally seized tips, plus prejudgment interest, plus attorney's fees and the cost of this action.

## COUNT II (<u>Maryland Wage and Hour Law</u>)

23.     Each of the preceding and following allegations are incorporated by reference as though set forth separately herein.

24.     Defendant Employer was aware of Employee's hours and duties, or reasonably should have been aware of them, and required him to work hours in excess of 40 per week.

25.     Employee was never paid overtime by Employer for the hours he worked in excess of 40 per week, nor did it pay him at all for the days and/or hours he worked.

26.     Employer's failure to pay overtime to Employee and to pay him monies owed were willful and intentional violations of the MWHL.

27.     Employer has failed to keep accurate and timely records of Employee's employment.

**28.**     WHEREFORE, Employee demands judgment against Defendants, jointly and severally, in the amount of $15,756, or an amount to be established at trial, plus liquidated damages and penalties under the MWHL, plus prejudgment interest, plus attorney's fees and the cost of this action.

## COUNT III (<u>Violation of Maryland Wage Payment and Collection Law</u>)

29.     Each of the preceding and following allegations are incorporated by reference as though set forth separately herein.

30.     Pursuant to the MWPCL, Employer was required to pay the Employee all amounts owed to him for work performed before termination at or before the date that Employee would have been paid had he not been terminated, or not later than two weeks thereafter.

31.     Employer has failed and refused to pay Employee for overtime, for deducted partial payments, for all wages owed and for his final semi-monthly paycheck, all of which as "wages" under the Act, and therefore Defendant is in violation of the Act.

32.     There was no bona fide dispute justifying the non-payment to Employee of these items.

33.     Employer has failed to keep accurate and timely records of Employee's

employment.

**34.**     WHEREFORE, Employee demands judgment against Employer in the

amount of $15,756, plus treble damages, plus prejudgment interest, plus attorney's fees

and the cost of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court enter a judgment

against Defendants, jointly and severally; and

1.     Award Plaintiff damages in the amount of $15,756;

2.     Award Plaintiff liquidated damages in the amount of an additional $15,756;

3.     Award Plaintiff treble damages in the amount of $47,268;

4.     Award attorneys' fees, costs, and pre-judgment interest;

5.     Grant such other relief as the Court may deem appropriate.

Dated: March 18, 2020

Respectfully submitted,

   /s/Edward Griffin/s/   
Edward Griffin, Esq.
Fed Bar No: 70145
Adelphi LLP
2306 Wineberry Terrace
Baltimore, MD 21209
202-361-5246 (tel)
griffin@adelphilaw.com
888-367-0383 (fax)
District Court Attorney Code: 011047
CPF Number: 0412140304

-8-

*Attorneys for Plaintiff*